## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

In the Matter of:

Lansing W. Scott
Tracy J. Scott,                                                      Case No.  10-05725-als7

                Debtors.                                     Chapter 7

Clarke County State Bank,                                  Adv. Pro. 12-30052-als

                Plaintiff,

     v.

Lansing W. Scott
Tracy J. Scott,

                Defendants.

### MEMORANDUM OF DECISION
### (date entered on docket:  March 18, 2014)

The matter before the Court arises from the trial on the Plaintiff's complaint.  Daniel Rockhold appeared on behalf of the Plaintiff and Samuel Z. Marks represented the Defendants. The matter was taken under advisement upon receipt of the parties' post-trial briefs.  The Court has jurisdiction of these matters pursuant to 28 U.S.C. sections 157(b)(1) and 1334.  The following findings of fact and conclusions of law are entered by the Court pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014.  For the reasons set forth herein, the Plaintiff's Complaint to revoke the Debtors' discharge under 11 U.S.C. section 727(d)(1) is dismissed.

### COURSE OF PROCEEDING

Lansing and Tracy Scott (the "Scotts" or the "Defendants") filed their chapter 7 case on November 29, 2010.  The Scotts were granted a discharge on February 23, 2011.  The case was subsequently closed on January 17, 2012 after the chapter 7 trustee filed a final report after

distribution that declared the estate had been fully administered. On February 6, 2012, Clarke County State Bank (the "Bank" or the "Plaintiff") filed a Motion to Reopen. On April 4, 2012, an Order was entered granting the Motion to Reopen. It was not until about three months later, on July 2, 2012, that the Plaintiff filed its Complaint requesting revocation of the Defendants' discharge pursuant to 11 U.S.C. section 727(d)(1).

Three days prior to trial, the Defendants filed a Motion to Dismiss, and for the first time asserted that the Plaintiff's Complaint was barred by the time limitations under 11 U.S.C. section 727(e)(1). The Plaintiff objected and the Motion was denied. On behalf of the Defendants, counsel made a Motion for Directed Verdict at the conclusion of the Plaintiff's case in chief, which the Plaintiff resisted.

## **FACTS**

On August 6, 2007, the Scotts executed a promissory note in favor of the Bank in the amount of $210,000. According to the document admitted as Exhibit 1, this loan is secured by a real estate mortgage.[1] The Bank advanced proceeds from this loan in the amount of $25,300 into the Scotts' checking account on August 10, 2007. Five days later, the Debtors wrote a check to Tractor Supply for the purchase of a "lawn tractor."[2] Later that month, the Scotts wrote a check to C & C Cycle for the purchase of a 4-wheeler.[3] The Scotts listed the Bank on Schedule D of their bankruptcy filing as holding a claim secured by a mortgage. No lawn tractor or 4-wheeler was identified on the Scotts' schedules.

After the Scotts filed bankruptcy, the Bank commenced a foreclosure action. In August 2011, the Bank made its first inspection of the property subject to its mortgage and observed

---

[1] Testimony at trial referred to a security interest in building materials located on the real estate in which the Bank claimed a security interest that was apparently the subject of state court litigation.
[2] At trial, Tracy Scott testified the "lawn tractor" written in the memo section of the check was in reference to a pull-behind tractor.
[3] At trial, Tracy Scott testified this was for the purchase of a red 4-wheeler.

two 4-wheelers, a lawn mower, a lawn mower deck, and building materials located on the real estate. The Bank stated that some of the building materials were missing upon a second inspection conducted in October of 2011. Eight months later, the Bank made a third inspection and noted that the lawn mower and both 4-wheelers were not on the property. These three missing items form the basis of the Plaintiff's Complaint.

## DISCUSSION

An action to revoke a debtor's discharge under 11 U.S.C. section 727 is an extreme penalty, is sparingly applied, and is construed in favor of the debtor in order to preserve an essential purpose of a discharge in bankruptcy: the debtor's fresh start. Fokkena v. Peterson (In re Peterson), 356 B.R. 468, 475 (Bankr. N.D. Iowa 2006) (citing Miller v. Kasden (In re Kasden), 209 B.R. 239, 241 (B.A.P. 8th Cir. 1997); Korte v. United States IRS (In re Korte), 262 B.R. 464, 471 (B.A.P. 8th Cir. 2001)).

Pursuant to 11 U.S.C. section 727(d)(1),

> on request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge.

The complaining party must prove each element by a preponderance of the evidence. Peterson, 356 B.R. at 475 (citing Floret, L.L.C. v. Sendecky (In re Sendecky), 283 B.R. 760, 763 (B.A.P. 8th Cir. 2002)).

An action seeking to revoke a discharge under section 727(d)(1) must be brought within one year after discharge. 11 U.S.C. § 727(e)(1) (2013). Because the Scotts' discharge was granted on February 23, 2011, the Bank's Complaint to Revoke Discharge filed in July 2012 exceeds the statutory time period. Notwithstanding this fact, the Bank argues that section

727(e)(1) is not a jurisdictional prerequisite, but is rather an affirmative defense which was waived by the Defendants because they failed to raise this defense in a responsive pleading or their answer. Courts are divided on this issue. See Dean v. McDow, 299 B.R. 133, 138 (D. E.D. Va. 2003) (finding the 727(e)(1) limitation is an affirmative defense rather than a jurisdictional prerequisite and holding the time limitation in 727(e)(1) can be treated in the same manner as Rule 4004(a)) (citing Farouki v. Emirates Bank Int'l, Ltd., 14 F.3d 244, 248 (4th Cir. 1994); First Bank System, N.A. v. Begue (In re Begue), 176 B.R. 801, 804 (Bankr. N.D. Ohio 1995) (the deadline in Rule 4007(c) is a statute of limitations rather than jurisdictional); Tolbert v. Clay (In re Clay), 64 B.R. 313, 314 (Bankr. N.D. Ga. 1986) (failing to raise the affirmative defense under Rule 4007(c) constituted a waiver of that defense). But see The Cadle Co. v. Andersen (In re Andersen), 476 B.R. 668, 673 (B.A.P. 1st Cir. 2012) ("Section 727(e)(1)'s time requirement is not 'a mere statute of limitations, but an essential prerequisite to the [discharge revocation] proceeding'") (citing Gonsalves v. Belice (In re Belice), 2011 WL 4572003, BK No. 08-11927-WCH, Adv. No. 09-01241-WCH, at *3 (B.A.P. 1st Cir. March 7, 2011)); Pelletier v. Donald (In re Donald), 240 B.R. 141, 146–47 (B.A.P. 1st Cir. 1999) (finding the Plaintiff was required to file a revocation of discharge within one year of the debtor's discharge as a prerequisite to the proceeding); Murrietta v. Fehrs (In re Fehrs), 391 B.R. 53, 67 (Bankr. D. Idaho 2008) (concluding that section 727(e)(1) is jurisdictional and contains an "absolute one year limit") (citing Car Care Ctr. of Crystal Lake, Ltd. v. Miller (In re Miller), 336 B.R. 408, 410 (Bankr. E.D. Wis. 2005)).

The majority of the cases cited by the Bank in support of its position pertain to actions objecting to the dischargeability of a debt under 11 U.S.C. section 523 rather than the revocation of discharge under 11 U.S.C. section 727(d)(1). Consequently, these cases are not dispositive of

the issue raised in this case.  See e.g., Schreiber, MD., Inc. v. Halstead (In re Halstead), 158 B.R. 485, 487 (B.A.P. 9th Cir. 1993); First Bank System, N.A. v. Begue (In re Begue), 176 B.R. 801, 804 (Bankr. N.D. Ohio 1995); Tolbert v. Clay (In re Clay), 64 B.R. 313, 314 (Bankr. N.D. Ga. 1986).  "The time constraints applicable to objections to discharge are contained in Bankruptcy Rules" and these rules, such as Rule 9030, do not "'extend or limit the jurisdiction of the courts.'"  Kontrick v. Ryan, 540 U.S. 443, 453-54 (2004) (citing Fed. R. Bankr. P. 9030).  The bankruptcy rules must be distinguished from the bankruptcy statutes.  Car Care Ctr. Of Crystal Lake, Ltd. v. Miller (In re Miller), 336 B.R. 408, 412 (Bankr. E.D. Wis. 2005).  "Bankruptcy statutes [such as section 727(e)(1)] are enacted by Congress, unlike bankruptcy rules which are promulgated by the U.S. Supreme Court..." Id.  "Only Congress may determine a lower federal court's subject-matter jurisdiction."  Kontrick, 540 U.S. at 452 (citing U.S. Const. art. III, § 1).  The ability to extend the proscribed time frame under the *Rule* concerning denials of discharge is different from the *statute* governing the revocation of discharge.  In re Miller, 336 B.R. at 412; see also Murrietta v. Fehrs (In re Fehrs), 391 B.R. 53, 67 (Bankr. D. Idaho 2008).  Rule 4004(b) permits an extension of the deadline for denying a discharge if a motion for extension of time is made before the time expires.  Fed. R. of Bankr. P. 4004(b); see also In re Miller, 336 B.R. at 412.  Section 727(e)(1), however, does not contain any provision for the extension of time to revoke a discharge.  See 11 U.S.C. § 727(e)(1) (2013); In re Miller, 336 B.R. at 412.  Rule 9006(b)(2) does not permit an extension of time to revoke a discharge.  See Fed. R. Bankr. P. 9006(b)(2); In re Miller, 336 B.R. at 412.  For these reasons, this Court finds that section 727(e)(1) is jurisdictional and "'is not a mere statute of limitations, but an essential prerequisite to the proceeding.'"  Murrietta v. Fehrs (In re Fehrs), 391 B.R. 53, 67 (Bankr. D. Idaho 2008)

(citing 6 Collier on Bankruptcy, ¶ 727.16[1] at 727-78.3 (Allan N. Resnick & Henry J. Sommer eds., 15th ed. 2005)).

Many of the Bank's arguments seem to be masked in the doctrine of equitable tolling. Limitations periods are generally subject to equitable tolling; however, if the tolling is inconsistent with the relevant statute, the limitations period will not be subject to equitable tolling. In re Fellheimer, 443 B.R. 355, 370 (Bankr. E.D. Penn. 2010). The congressional intent and language of sections 727(d)(1) and (e)(1) preclude equitable tolling. Id. at 371. Section 727(d)(1) does not apply unless the complaining party did not know of the fraud until after discharge. Id. (quoting Dahar v. Bevis (In re Bevis), 242 B.R. 805, 809 (Bankr. D. N.H. 1999)). Accordingly, section 727(d)(1) applies to a party who does not know of the fraud until after the debtor receives a discharge. Id. (quoting Dahar v. Bevis (In re Bevis), 242 B.R. 805, 809 (Bankr. D. N.H. 1999)). Section 727(e)(1), however, contains a one-year time limitation beginning at discharge, notwithstanding the fact that the complaining party has not discovered the fraud until after the discharge. Id. (quoting Dahar v. Bevis (In re Bevis), 242 B.R. 805, 809 (Bankr. D. N.H. 1999)). The dates of the Bank's inspections support a finding that they were aware of the existence of the assets and elected to not bring this action until after these items were removed from the property. It is clear that the Bank had sufficient information to bring a complaint within the time period provided by the statute.

It appears that Congress did not intend for equitable tolling to apply to section 727(e)(1) when it is read in conjunction with section 727(d)(1). Id. Rule 9024 states that Federal Rule of Civil Procedure 60(b) "affords no basis for circumvention of the time limitations prescribed by section 727 for the commencement of any proceeding to revoke a discharge." 6-727 Collier on Bankruptcy ¶ 727.18[1]. Congress has also made a policy determination regarding the

importance of finality in a chapter 7 discharge. It has determined that the closure afforded by a discharge order after one year has more significance than the policy considerations of the equitable tolling doctrine. See Fellheimer, 443 B.R. at 372 (citing Bevis, 242 B.R. at 810). For these reasons, the equitable tolling doctrine does not apply to section 727(e)(1).

The Bank additionally relies on a "relation back" theory and argues its Motion to Reopen, filed within the one year time limit of section 727(e)(1), suffices as a "request" to revoke the debtor's discharge, as that term is used in section 727(d)(1). Statutory interpretation indicates that section 727(e)(1) was intended to require the filing of an adversary complaint, rather than a mere motion. See Karr v. Pankey (In re Pankey), 145 B.R. 244, 246 (W.D. Tenn. 1992). Under Bankruptcy Rule 9024(2), "a *complaint* to revoke a discharge in a chapter 7 liquidation case may be filed only within the time allowed by § 727(e) of the Code…" Fed. R. Bankr. P. 9024(2) (emphasis added); Pankey, 145 B.R. at 246. Bankruptcy Rule 7001(4) states, "[a]n adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings…(4) a proceeding to object to or revoke a discharge…" Fed. R. Bankr. P. 7001(4). Federal Rule of Civil Procedure 3, incorporated by Federal Rule of Bankruptcy Procedure 7003, states that adversary proceedings begin by filing a complaint. Fed. R. Civ. P. 3; Fed. R. Bankr. P. 7003. A proceeding to revoke a discharge is classified as an adversary proceeding, which requires the filing of a complaint to begin the action.

The Plaintiff's "relation back" theory is also not persuasive because its Motion to Reopen did not contain information that indicated it was seeking a revocation of the Debtors' discharge. The court in International State Bank v. Fresquez held that a "Motion for Revocation of Discharge" contained sufficient notice to the parties that the plaintiff was seeking revocation. 167 B.R. 973, 976 (Bankr. D. N.M. 1994). That court determined that because the pleading

contained adequate information describing the remedy sought as being a revocation of discharge, that the parties had sufficient notice to permit relation back for the purely procedural defect of filing a motion rather than a formal complaint.  Id.  Here, the Bank merely prayed for the Court to reopen the case in its Motion, which provided no suggestion that there was an intent to pursue a revocation of the Debtors' discharge.  For this reason, the Bank's Motion to Reopen does not form the basis for relation back to cure the untimely filing of its Complaint.

The Bank's Complaint seeking to revoke the Debtors' discharge is time-barred by section 727(e)(1).  It is unnecessary for the Court to address the merits of the Plaintiff's Complaint.

IT IS ORDERED that

1. The Defendants' Motion for Judgment on Partial Findings[4] is granted.  The Plaintiff's Complaint seeking revocation of the Defendants' discharge under 11 U.S.C. section 727(d)(1) is dismissed; and

2. Judgment shall enter accordingly.

/s/ Anita L. Shodeen
Anita L. Shodeen
U.S. Bankruptcy Judge

Parties receiving this Memorandum of Decision from the Clerk of Court:
Electronic Filers in this Adversary Proceeding

---

[4] The Court construes the Defendants' Motion for Directed Verdict as a Motion for Judgment on Partial Findings provided for under Federal Rule of Civil Procedure 52(c) and Federal Rule of Bankruptcy Procedure 7052(c).